IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HRD CORPORATION (d/b/a Marcus §
Oil & Chemical), §
 §
        Plaintiff, §
 §
v. §   CIVIL ACTION NO. H-13-3596
 §
THE DOW CHEMICAL COMPANY, §
 §
        Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff HRD Corporation ("HRD") sued defendant the Dow Chemical Company ("Dow") for federal and state causes of action stemming from Dow's alleged breach of the parties' Joint Development Agreement ("JDA"). Pending before the court is Dow's Combined Motion and Brief in Support of its Renewed Motion for Summary Judgment ("Dow's MSJ") (Docket Entry No. 114). For the reasons stated below, Dow's MSJ will be granted.

    I.  **Factual and Procedural Background**[1]

HRD and Dow have been involved in litigation stemming from their failed business relationship for over a decade. HRD

---

[1]See generally Dow's MSJ, Docket Entry No. 114, pp. 6-13; Plaintiff HRD Corporation's Opposition to Dow's Renewed Motion for Summary Judgment [Dkt No. 114] ("HRD's Response to Dow's MSJ"), Docket Entry No. 122, pp. 8-18. [All page numbers for unsealed docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF. Page numbers for sealed docket entries correspond to the page numbers listed on the individual documents, if available.]

processes and sells polyethylene wax ("PE Wax") products. PE Wax is used in the hot melt adhesive ("HMA") industry. An HMA is a glue used in commercial packaging. HMAs are composed of a wax, a polymer, and a tackifier. Dow is in the business of manufacturing and selling polymer products with a variety of applications, including use in HMAs.

At the heart of the parties' dispute are two agreements that they executed in 2002: the Joint Development Agreement ("JDA") and the Supply Agreement. Under the JDA, Dow and HRD agreed to jointly and exclusively develop certain PE Wax products.[2] The JDA also allotted ownership of any "developments" resulting from the JDA between Dow and HRD. As part of the JDA, Dow and HRD agreed to develop and manufacture the "2-pack product" -- a special compound that would take the place of both the PE Wax and polymer components of an HMA. The Supply Agreement covered the commercial phase of the parties' relationship.[3] Under the Supply Agreement Dow would manufacture the products developed under the JDA in its production facilities and sell the products to HRD, which would then sell the products to the public.

The relationship between the parties soured; and Dow filed suit against HRD in a Delaware federal district court in January of 2005, claiming that HRD breached the Supply Agreement by failing to pay Dow millions of dollars for product received by HRD under the

---

[2] See Joint Development Agreement, Exhibit 2-A to HRD's Response to Dow's MSJ [SEALED].

[3] See Sarnia PE Wax Supply Agreement, Exhibit 2-B to HRD's Response to Dow's MSJ [SEALED].

Supply Agreement.[4] HRD responded by filing counterclaims against Dow claiming, among other things: (1) that Dow breached the Supply Agreement; (2) that Dow breached the JDA; and (3) that Dow misappropriated trade secrets by improper means in incorporating HRD's confidential technology into its own patents.[5] The Delaware district court granted summary judgment against HRD on each of its counterclaims, including those predicated on Dow's breach of either the JDA or the Supply Agreement.[6] The Delaware court concluded that HRD breached the Supply Agreement and entered a final judgment on March 14, 2013, awarding Dow $34,533,577 in damages.[7] The Delaware district court's ruling was affirmed by the Third Circuit.[8] The Supreme Court denied certiorari.[9]

---

[4]See Opinion [September 24, 2009], Exhibit 10 to Declaration of Aaron A. Barlow in Support of the Dow Chemical Company's Renewed Motion for Summary Judgment ("Barlow Declaration"), Docket Entry No. 115-8, pp. 4-10.

[5]See Defendant's Second Amended Answer and Counterclaims ("HRD's Delaware Answer and Counterclaims"), Exhibit 9 to Barlow Declaration, Docket Entry No. 115-7, pp. 21-41 [SEALED].

[6]See Opinion [September 24, 2009], Exhibit 10 to Barlow Declaration, Docket Entry No. 115-8, pp. 32, 36, 42, 47, 57 (granting summary judgment for Dow on Dow's claim for breach of the Supply Agreement against HRD and several of HRD's counterclaims); Memorandum Opinion [December 18, 2012], Exhibit 15 to Barlow Declaration, Docket Entry No. 115-13, pp. 10, 16 (granting summary judgment for Dow on HRD's remaining counterclaims).

[7]See Final Judgment Order, Exhibit 6 to Barlow Declaration, Docket Entry No. 115-4, p. 2.

[8]See Judgment and Opinion of the Court, 13-2074 (3d Cir.) [October 14, 2014], Exhibit 7 to Barlow Declaration, Docket Entry No. 115-5.

[9]See Supreme Court Docket Listing in Case No. 14-971 (stating that HRD's petition for certiorari was denied on March 9, 2015).

Following the issuance of a final judgment in the Delaware action, HRD filed for bankruptcy in the Southern District of Texas.[10] While HRD's Chapter 11 bankruptcy case was pending, HRD filed this action on December 9, 2013. HRD's bankruptcy plan was confirmed on September 4, 2014, providing for HRD to make payments to Dow on the Delaware judgment. HRD ceased making payments in mid-2015. HRD then entered a Chapter 7 bankruptcy, and HRD's assets have since been liquidated. This lawsuit was an asset of the Chapter 7 estate, but it was abandoned by the bankruptcy trustee. HRD chose to continue to pursue the action.

In this action HRD alleges that Dow breached the JDA by: (1) failing to disclose products that constitute "developments" under the JDA -- specifically, Dow's alleged failure to disclose the invention of olefin block copolymer ("OBC") adhesives; (2) misrepresenting the value of the 2-pack product because it competed with an existing Dow product; and (3) failing to disclose Dow's chain shuttling technology, which is used to make certain polymers.[11] HRD seeks a declaration that Dow violated the JDA by failing to disclose developments under the JDA; a declaration of ownership of certain Dow patents HRD alleges it owns under the JDA; recovery in quantum meruit and unjust enrichment; and damages for Dow's alleged fraudulent concealment, common law fraud, fraud by

---

[10] See generally Docket in Case No. 13-36238 (Bankr. S.D. Tex.).

[11] See Plaintiff's Second Amended Complaint, Docket Entry No. 119, pp. 8-29; Dow's MSJ, Docket Entry No. 114, p. 8.

non-disclosure, and breach of contract.[12] All of HRD's pending claims against Dow are predicated on Dow's alleged breaches of the JDA.

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and

---

[12] See id.

-5-

show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Analysis

Dow argues that it is entitled to summary judgment against HRD on three grounds. First, Dow argues that claim preclusion applies to bar HRD's claims. Second, Dow argues that the statute of limitations on HRD's claims has expired. Third, Dow argues that even if claim preclusion and the statute of limitations do not apply to bar HRD's claims, Dow is still entitled to summary judgment against HRD because HRD's claims present no genuine issues of material fact.

The doctrine of claim preclusion, or "res judicata," "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc., 575 F.2d 530, 535 (5th Cir. 1978). Claim preclusion both prevents a plaintiff from seeking additional relief on the same claim and bars a defendant from relitigating claims against a plaintiff. Id. Claim preclusion extends to "all issues relevant to the same claim between the parties, whether or not raised at trial." Id. The goal of claim preclusion is to guard against multiple lawsuits between the same parties adjudicating the same issues. See id. Federal courts apply a transactional test to determine whether two lawsuits involve the same "claim" or "cause of action":

> [T]he critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. If the factual scenario of the two actions parallel, the same cause of action is involved in both. The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry.

Agrilectric Power Partners, Ltd. v. General Electric Co., 20 F.3d 663, 665 (5th Cir. 1994) (internal quotations omitted).

Principles of claim preclusion apply to both mandatory and permissive counterclaims: "Where the defendant interposes a claim as a counterclaim and a valid and final judgment is rendered against him on the counterclaim, the rules of bar are applicable to the judgment." Restatement (Second) of Judgments § 23. If a

defendant fails to pursue a mandatory counterclaim, the defendant will generally be barred from asserting that counterclaim in a subsequent action. Restatement (Second) of Judgments § 22.

Dow argues that HRD's claims are barred by claim preclusion because HRD already asserted the same claims in the prior lawsuit between the parties in Delaware. In the Delaware action Dow sued HRD alleging that HRD breached the Supply Agreement.[13] HRD counterclaimed against Dow for "an action for breach of contract and for a determination of rights under those contracts" based on Dow's alleged breaches of both the JDA and the Supply Agreement.[14] HRD alleged that Dow breached the JDA and Supply Agreement by failing to produce product that met HRD's specifications.[15] HRD also alleged that Dow breached its duty of good faith and fair dealing under the JDA by failing to disclose inventions that constitute "developments."[16] HRD's requested relief in Delaware included damages for breach of the Supply Agreement and JDA, as well as a declaration of HRD's ownership interest in certain Dow patents HRD claimed it was entitled to under the JDA.[17] The

---

[13] See Opinion [September 24, 2009], Exhibit 10 to Barlow Declaration, Docket Entry No. 115-8, p. 9.

[14] See HRD's Delaware Answer and Counterclaims, Exhibit 9 to Exhibits in Support of Dow's Combined Motion and Brief in Support of its Renewed Motion for Summary Judgment, p. 21 [SEALED].

[15] See id. at 21-22.

[16] See id. at 37-41.

[17] See id. at 41.

Delaware court granted summary judgment for Dow on each of HRD's counterclaims, concluding that HRD failed to establish genuine issues of material fact regarding Dow's alleged breaches of the Supply Agreement and the JDA.[18] All rulings appealed to the Third Circuit were affirmed.[19]

HRD's claims in Delaware and in this action are based on Dow's alleged breaches of the same contract: the JDA. The technologies at issue -- OBCs and the two-pack product -- were at issue in Delaware. HRD also seeks relief similar to the relief it sought in Delaware: HRD again claims that Dow's alleged breaches of the JDA entitle HRD to both damages and a declaration that HRD owns a series of Dow patents.[20]

The relevant inquiry is whether HRD's claims in this action are the "same claims" as its counterclaims in Delaware. HRD's claims both here and in Delaware are based on the same nucleus of operative fact: the parties' relationship under the JDA and Dow's alleged breaches of the JDA. The Delaware action required

---

[18]See Opinion [September 24, 2009], Exhibit 10 to Barlow Declaration, Docket Entry No. 115-8, pp. 32, 36, 42, 47, 57 (granting summary judgment for Dow on Dow's claim for breach of the Supply Agreement against HRD and several of HRD's counterclaims); Memorandum Opinion [December 18, 2012], Exhibit 15 to Barlow Declaration, Docket Entry No. 115-13, pp. 10, 16 (granting summary judgment for Dow on HRD's remaining counterclaims).

[19]See Judgment and Opinion of the Court, 13-2074 (3d Cir.) [October 14, 2014], Exhibit 7 to Barlow Declaration, Docket Entry No. 115-5.

[20]The specific patents sought by HRD as a remedy in this action are different from the patents HRD sought as a remedy in Delaware.

determination of the same fact issues. There is no "new" dispute between the parties -- HRD merely alleges different substantive claims for Dow's alleged breach of the same contract that HRD claimed Dow breached in the Delaware action.

HRD argues that its current claims are not duplicative of its Delaware counterclaims because the Delaware court denied HRD the opportunity to reopen discovery to investigate additional Dow patents that HRD claimed were developments under the JDA. HRD now claims entitlement to these additional patents. HRD argues that because these issues were never actually litigated in Delaware, its claims are not barred by claim preclusion. HRD's analysis confuses the requirements for claim preclusion with the requirements of issue preclusion, which prevents relitigation of previously decided issues in suits on other claims. See Kaspar, 575 F.2d at 535-36 ("[I]ssue preclusion bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties."). Unlike issue preclusion, claim preclusion applies equally to substantive issues that the parties did and did not litigate in a prior action. For example, claim preclusion bars a second action on any theories excluded by a court's denial of a motion for leave to amend. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 4412 (3d ed. 2011). Claim preclusion also bars additional claims that a plaintiff chose not to assert for tactical reasons. The Delaware court's decision not to reopen discovery

does not prevent the application of claim preclusion in this case -- whether or not issues raised by HRD were "actually litigated" in Delaware is not dispositive.

Nor does the Delaware court's exclusion of Dr. Citron's expert testimony bar the application of claim preclusion. The Delaware court declined to consider the opinion of one of HRD's experts, Dr. Joel David Citron, because the court found that the expert's opinion should have been disclosed earlier.[21] A court's refusal to hear a belatedly presented argument in a prior action does not entitle litigants to file a subsequent action to present that argument. See Agrilectric, 20 F.3d at 665. Because this action involves the same claims as HRD's counterclaims in Delaware, HRD's claims are precluded unless an exception to claim preclusion is applicable.

Claim preclusion is an equitable doctrine with limits and exceptions. HRD cites Rimkus Consulting Group, Inc. v. Cammarata, 688 F. Supp. 2d 598 (S.D. Tex. 2010), for the proposition that "[i]f a claim could not have been brought because of wrongful concealment of material facts, preclusion cannot apply."[22] The Restatement (Second) of Judgments provides that claim preclusion

---

[21]See Memorandum Opinion [December 18, 2012], Exhibit 15 to Barlow Declaration, Docket Entry No. 115-13, pp. 4-5 ("The Court may refuse to consider an expert report submitted after the deadline while considering a summary judgment motion.").

[22]See HRD's Response to Dow's MSJ, Docket Entry No. 122, p. 22 [SEALED].

does not apply if "[i]t is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason." Restatement (Second) of Judgments § 26(f). Fraud, concealment, or misrepresentation by a party could provide a basis to depart from claim preclusion. Id. cmt. j. In Rimkus the defendants destroyed evidence of their culpability and provided information in discovery to conceal the destruction of that evidence. 699 F. Supp. 2d at 664. Because of the defendants' spoliation of evidence, the plaintiff was unable to learn of certain claims it had against the defendants. Id. The court concluded that because of the defendants' misconduct, the policies underlying preclusion law would not be served by barring the plaintiff's claims against the defendants. Id. at 664-65. While fraud is a possible exception to claim preclusion, if a party argues that fraud prevented a fair judgment in a previous action, "the party claiming fraud should address this claim to the court which rendered the first judgment." See Russell v. SunAmerica Securities, Inc., 962 F.2d 1169, 1176 (5th Cir. 1992).

For HRD's claims in this action to proceed, HRD must show "clearly and convincingly" that Dow's alleged fraud or misconduct prevented HRD from bringing its new claims to the Delaware district court. HRD has failed to meet this burden. HRD argues that Dow actively concealed the existence of relevant patents during discovery in the Delaware case. However, HRD presented this argument in Delaware, and the district court rejected it. HRD

-12-

argued in Delaware that "Dow failed to produce certain patents and patent applications responsive to HRD's request for 'wax products to be used in [hot melt adhesives] or to one-pack, two-pack, or three-pack formulations for the [hot melt adhesives].'"[23] The Delaware court disagreed, finding that Dow correctly interpreted what patents needed to be disclosed during discovery.[24] The court concluded that Dow therefore did not violate its discovery obligations and refused HRD's request to reopen discovery.[25] Additionally, rather than collaterally attacking the Delaware judgment by addressing these fraud claims to the Delaware district court, HRD brought this action alleging new claims against Dow based on the same facts underlying the Delaware action.

Other than Dow's alleged failure to comply with its discovery obligations in Delaware, HRD has proffered no evidence that Dow concealed the existence of the relevant patents from HRD. Furthermore, HRD's knowledge of the allegedly concealed patents would not have materially affected the outcome of the Delaware case. See Rimkus, 688 F. Supp. 2d at 664-65 (finding that preclusion did not apply because the defendants' spoliation of evidence could "materially affect the outcome of the case"). HRD

---

[23]See Memorandum Opinion [November 5, 2012], Exhibit 63 to Exhibits in Support of Dow's Reply Brief in Support of its Renewed Motion for Summary Judgment, Docket Entry No. 131-3, p. 3.

[24]See id. at 11.

[25]See id.

claims that it is entitled to these patents under the JDA as a result of Dow's alleged breach of the JDA. But the Delaware court concluded that Dow did not breach the JDA. Therefore, even if HRD had sought ownership of the patents at issue here as a remedy for Dow's alleged breach of the JDA in Delaware, HRD would have been unsuccessful.

## IV. Conclusion

For the reasons explained above, Dow's Combined Motion and Brief in Support of its Renewed Motion for Summary Judgment (Docket Entry No. 114) is **GRANTED** because HRD's claims are barred by claim preclusion.

**SIGNED** at Houston, Texas, on this 9th day of January, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE